Frankie S. RYAN, Appellant,

v.

PENNSYLVANIA LIFE INSURANCE COMPANY, Appellee.

No. 2002–SC–0128–DG.

Supreme Court of Kentucky.

Dec. 18, 2003.

As Modified Jan. 28, 2004.

Anthony W. Frohlich, Timothy Miles Noyes, Law Offices of Anthony W. Frohlich, PSC, Florence, Counsel for Appellant.

H. Lawson Walker, II, Frost Brown Todd, LLC, Cincinnati, OH, Counsel for Appellee.

JOHNSTONE, Justice.

At issue in this case is whether the definition of "motor vehicle" in a life insurance policy includes a farm tractor. We conclude that it does not and, therefore, affirm the Court of Appeals.

## I.  Facts and Procedural History

In April 1999, Joseph Ryan, the insured in question, suffered fatal injuries when the tractor he was operating on his farm tipped over on him. His widow, beneficiary and Appellant in this case, Frankie Ryan, then filed a claim for benefits due on Joseph's life insurance policy with the Appellee, the Executive Fund Life Insurance Company, now known as the Pennsylvania Life Insurance Company ("Penn Life"). The policy provides for three different levels of benefits: (1) an accidental death benefit, which pays $500.00 a month for ten (10) years; (2) a motor vehicle accidental death benefit, which pays $1,000.00 a month for ten (10) years; and (3) a bus, train, or airliner accidental death benefit, which pays $1,500.00 a month for ten (10) years. Further, the policy provides that "[o]nly one benefit, the largest applicable, is payable under this Policy."

Penn Life began to timely pay benefits in the amount of $500.00 a month, but it refused Frankie's request to pay the enhanced, motor vehicle accidental death benefit. Consequently, Frankie filed suit in the Boone Circuit Court to construe the insurance contract in her favor. In response, Penn Life filed a motion for summary judgment. In the motion, Penn Life argued that the motor vehicle accidental death benefit did not apply because the tractor, on which Joseph had his fatal accident, was not a "motor vehicle" within the meaning of the policy. Frankie filed her own motion for summary judgment, in which she argued that a tractor was a "motor vehicle" within the meaning of the policy.

The trial court found that the policy was ambiguous and, according to long-standing rules of construction, construed the policy in Frankie's favor and granted her motion for summary judgment. On appeal, the Court of Appeals found no ambiguity, construed the policy in Penn Life's favor, and reversed the trial court.

We granted discretionary review and affirm the Court of Appeals.

## II. Discussion

■ Under the policy, "motor vehicle" is defined as

[A] four or more wheeled vehicle which is self-propelled and designed to run on the public highway. This definition does not include motorcycles, motor scooters, motorized bicycles, three-wheeled all-terrain vehicles (ATVs), snowmobiles, dune buggies or other off the road vehicles not meeting highway use specifications, vehicles while being used for racing or demolition derbies, law enforcement vehicles, or fire department vehicles.

■ In its order granting summary judgment in Frankie's favor, the trial court

relied heavily on the legal maxim *expressio unius est exclusio alterius*. This rule of statutory construction "hold[s] that to express or include one thing implies exclusion of the other, or the alternative." *Black's Law Dictionary,* 602 (7th ed.1999). Applying this rule, the trial court concluded that the policy's failure to expressly exclude "tractor" from the meaning of "motor vehicle," implied that it was included in the definition. Unfortunately for Frankie, application of the maxim is not appropriate in this case for a number of reasons.

■ First, in addition to a list of specific vehicles that are excluded from the definition of motor vehicle, the exclusion clause includes a catch-all provision that excludes "other off the road vehicles not meeting highway use specifications." This negates the conclusion that any vehicle not specifically listed in the exclusion is thereby implicitly included in the definition of "motor vehicle." Another reason that the maxim is not appropriate here is that the trial court construed the *exclusion* clause to provide coverage. This construction goes against the basic rule that "exclusion clauses do not grant coverage; rather, they subtract from it." *Kemper National Insurance Companies v. Heaven Hill Distilleries, Inc.,* Ky., 82 S.W.3d 869, 872 (2002). Turning now to the question at hand, we conclude that a farm tractor is excluded under the plain meaning of the policy's catch-all exclusion, because farm tractors, as a category, are "off the road vehicles that do not meet highway use specifications."

Kentucky's highway use statutes are located in KRS 189.010, *et seq.* By and large, these statutes specify the equipment necessary for vehicles and motor vehicles to operate on public highways, as well as establishing weight, length, width, and height limits for them. Farm tractors,

however, are expressly exempt from application of almost all of these statutory requirements by virtue of the chapter-wide definition of "motor vehicle" that excludes "farm tractors." KRS 189.010(19)(b)(3).

■ The only highway use statute that applies to farm tractors is KRS 189.190. Subsection (3) of the statute provides that "[a]ny machinery, utensils or implements used solely for agricultural, farming or manufacturing purposes may be operated on the highways under present equipment except as is provided in subsection (4)." Subsection (4) relates to restrictions on tire lugs and wheel steering rings. The important point to emphasize here, is that not all farm tractors are permitted on public highways under KRS 189.190(3). That is, farm tractors are not permitted to use Kentucky highways because they meet Kentucky's statutory highway use requirements, restrictions, and limitations. Rather, a farm tractor may be used on Kentucky highways only if it qualifies for KRS 189.190(3)'s exemption from those requirements, restrictions, and limitations, *i.e.*, it is used solely for agricultural, farming, or manufacturing purposes and it does not violate KRS 189.190(4).

Thus, farm tractors, as a category of vehicles, do not meet Kentucky's highway use specifications. That they are off the road vehicles appears to be conceded by both parties. Therefore, we hold that the exclusion in the policy applies.

For the reasons set forth above, we affirm the decision of the Court of Appeals.

COOPER, GRAVES, and KELLER, JJ., concur.

LAMBERT, C.J., concurs in result only by separate opinion, with STUMBO and WINTERSHEIMER, JJ., joining.

LAMBERT, Chief Justice, concurring.

I concur in the result reached by the majority but not with its broad, categorical conclusion that farm tractors do not meet Kentucky's highway use specifications. In fact, farm tractors may be lawfully used on Kentucky highways if the requirements of KRS 189.190(3) are met. Our decision in this case should be confined to the facts. Whether the result would be the same if the accident had occurred on a highway is not before the Court, and I would leave resolution of that issue until such time as it is presented. For these reasons, I concur in result only. Stumbo, and Wintersheimer, JJ., join in this concurring opinion.